IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-120-BO

| | |
|---|---|
| ADAM E. WARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ORTHO-MCNEIL PHARMACEUTICAL, )<br>et al., )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on Plaintiff's motion for assistance in locating witnesses [DE-57], motion for settlement negotiations [DE-58], and motion to compel [DE-60]. Defendants have responded in opposition to the motions. [DE-59, -61, -62]. For the reasons that follow, the motions are denied.

## I. BACKGROUND

Plaintiff, an inmate in the custody of the State of North Carolina, filed this action *pro se* against Defendants alleging that on February 13, 2012, he was prescribed the anti-psychotic medication Risperdal and that approximately six months into the drug regimen he began to experience extreme pain is his nipple area and developed hard lumps and swelling in his breast tissue and discharge from his nipples. [DE-1]. Plaintiff was diagnosed with gynecomastia, or swelling of the breast tissue in males, and was treated with another medication. *Id.* Plaintiff asserts that Defendants informed the public that Risperdal was safe for consumer consumption, that he was injured as a direct result of consuming Risperdal, and seeks damages in the amount of $12.4 million for his physical and emotional injuries. *Id.*

On March 10, 2014, Plaintiff filed a motion to appoint counsel. [DE-5]. On April 3, the court entered an order holding that Plaintiff's complaint survived the required frivolity review under 28 U.S.C. § 1915(e) and granting in part Plaintiff's motion to appoint counsel, directing that the case be submitted to the court's Pro Bono Panel. [DE-10]. No one accepted representation of the case. [DE-13]. On June 4, Plaintiff filed a second motion to appoint counsel [DE-16], which was denied by the court on June 24 [DE-19]. On June 26, Defendants filed their answer to the complaint. [DE-22]. On July 18, the court entered a scheduling order setting the following critical deadlines: reports from retained experts under Fed. R. Civ. P. 26(a)(2) due from Plaintiff by October 1, 2014 and from Defendants by October 31, 2014; discovery to be concluded by March 2, 2015; and potentially dispositive motions to be filed by April 1, 2015. [DE-29].

On August 20, 2014, Plaintiff filed a motion for appointment of an expert witness [DE-35], which was denied [DE-42]. On November 18, on Defendants' motion [DE-43], the court extended Defendants' expert report deadline until January 1, 2015. [DE-52]. On January 15, 20, and 26, respectively, Plaintiff filed the instant motion for settlement negotiations [DE-58], motion for assistance locating witnesses [DE-57], and motion to compel [DE-60]. On February 10, Plaintiff filed a second motion for appointment of counsel [DE-63] and a second motion to appoint an expert witness [DE-64]. On February 27, on Defendants' motion, the court extended the discovery deadline until March 30 [DE-71], and on April 1 Defendants filed a motion for summary judgment [DE-72]. On April 8, Plaintiff filed a motion to amend his complaint. [DE-78].

## II. ANALYSIS

### A.  Motion for Assistance in Locating Witnesses

Plaintiff contends that due to his *pro se* status and limited access to information he requires

2

the court's assistance in locating two witnesses: David Kessler, the former commissioner of the Food and Drug Administration, and Allen Jones, who Plaintiff characterizes as a "Risperdal Whistleblower." Pl.'s Mot. [DE-57] at 1-2. Plaintiff contends that these witnesses have been utilized in similar cases against Defendants involving Risperdal and gynecomastia and that they have inside knowledge that will show Defendants' drug Risperdal directly caused Plaintiff's gynecomastia. *Id.* Defendants oppose the motion on the grounds that locating witnesses to assist a party in litigation is not a proper function of the court. Defs.' Resp. [DE-61] at 2-4.

The court agrees with Defendants that it is Plaintiff's responsibility to locate potential witnesses through discovery or other available means. *See Perotti v. Quinones*, No. 2:10-CV-00086-JMS, 2014 WL 87538, at *3 (S.D. Ind. Jan. 9, 2014) (unpublished) (denying *pro se* inmate's motion for new trial based on, among other things, failure of court to issue subpoena for witness, explaining it was plaintiff's responsibility to locate his witnesses); *Golez v. Potter*, No. 09-CV-965 AJB WMC, 2011 WL 3021045, at *1 (S.D. Cal. July 21, 2011) (unpublished) (denying *pro se* Plaintiff's request for assistance in locating a non-party witness, explaining "the U.S. Marshal has no duty to locate persons for purposes of service" and the plaintiff "must use his own methods such as an electronic search . . . in order to determine the location of the witness . . . ."); *Williams v. Woodford*, No. 1:06-CV-01535-SKO PC, 2011 WL 489001, at *2 (E.D. Cal. Feb. 7, 2011) (unpublished) (denying *pro se* inmate's request for judicial intervention to help plaintiff locate and communicate with inmate witnesses); *Gaines v. Harbert*, No. CIV. 07CV1320-J(CAB), 2009 WL 1481327, at *1 (S.D. Cal. May 27, 2009) (unpublished) (denying motion for appointment of investigator to locate witnesses; "[a]n incarcerated *pro se* plaintiff may have great difficulty pursuing his action from prison, but that does not mean that the Court can or must fund his efforts.").

3

Accordingly, Plaintiff's motion for assistance locating witnesses is denied.

## B. Plaintiff's Motion for Settlement Negotiations

Plaintiff requests that Defendants make an offer of settlement within 15 days or petition the court for a mediator to begin settlement discussions. Pl.'s Mot. [DE-58] at 1-2. Defendants oppose the motion on the grounds that mediation has not been required in this case and negotiations would not be fruitful. Defs.' Resp. [DE-59] at 2.

The Local Rules require that the parties in many civil cases participate in a mediated settlement conference prior to the close of the discovery period. *See* Local Civil Rule 101.1a(a). Several types of civil cases are automatically selected for mediation without requiring a court order directing that mediation occur, but "[c]ases wherein . . . any party appears pro se are not included within this automatic selection for mediation." Local Civil Rule 101.1a(b). Where a case has not been automatically selected for mediation, the court may exercise its discretion to order that the parties participate in a mediated settlement conference. Local Civil Rule 101.1a(c).

This case was not selected for mandatory mediation pursuant to Local Civil Rule 101.1a(b). [DE-29] at 2. While the court has discretion to order that the parties participate in a mediated settlement conference pursuant to Local Civil Rule 101.1a(c), there appears to be no reason here to justify such an order where Defendants are not amenable to negotiations and currently have a motion for summary judgment pending. *See Robinette v. Duke Univ.*, No. 1:11CV536, 2011 WL 5530004, at *1 (M.D.N.C. Nov. 14, 2011) (unpublished) (determining there was no reason to exercise discretion and order mediation where a *pro se* party moved to compel mediation and the case was not subject to mandatory mediation under the local rules). Furthermore, it is not appropriate for the court to order Defendants to make a settlement offer. *See* Local Civil Rule 101(a) ("The rules are

4

not intended to force settlement upon any party."). Accordingly, Plaintiff's motion for settlement negotiations is denied.

## C. Plaintiff's Motion to Compel

Plaintiff seeks an order compelling Defendants to fully respond to his January 2, 2015 requests for production of documents related to Plaintiff's medical records. Pl.'s Mot. [DE-60] at 1-2. Plaintiff contends that Defendants produced selected information and objected to other requests citing attorney-client privilege. *Id.* Defendants oppose the motion on the grounds that they have produced "a complete copy of the medical records . . . [Defendants] received from the Department of Public Safety pursuant to [its] request for records, which are the only records Defendants have that are responsive to [Plaintiff's requests]." Defs.' Resp. [DE-62] at 2. Defendants explain that they asserted objections to Plaintiff's requests to the extent they requested (1) attorney-client communications, which would include any communications between Defendants and counsel regarding Plaintiff's medical records, and (2) documents protected as attorney work-product, which would include any notes, memoranda, or summaries of counsel regarding Plaintiff's medical records. *Id.* at 3-4.

Rule 34 of the Federal Rules of Civil Procedure governs document production requests. Pursuant to Rule 34, a party may request that the opposing party "produce and permit the requesting party . . . to inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible things that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party served with a document production request may object to the request if a legitimate basis for doing so exists. Fed. R. Civ. P. 34(b)(2)(B) & (C).

Motions to compel responses to document production requests are governed by Rule

5

37(a)(3)(B) of the Federal Rules of Civil Procedure, which provides that if a party declines to answer a document production request, the serving party "may move for an order compelling an answer, designation, production, or inspection." The party resisting discovery bears the burden of showing why the motion to compel should not be granted. *See Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010) (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980) & *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D. W. Va. 1970)). Specifically, the party seeking protection from the court from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003).

Here, Defendants objected to Plaintiff's requests to the extent they sought documents containing attorney-client communications or attorney work-product related, which is permissible under the Federal Rules. *See* Fed. R. Civ. P. 26(b)(1) & (3) (explaining parties may obtain discovery regarding "any nonprivileged matter" and "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial"). However, Defendants assert that they have produced the complete copy of Plaintiff's medical records in their possession. Defs.' Resp. [DE-62] at 2. Accordingly, Defendants having produced all responsive documents to which Plaintiff is entitled, the motion to compel is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for assistance in locating witnesses [DE-57],

motion for settlement negotiations [DE-58], and motion to compel [DE-60] are DENIED.

SO ORDERED, the 5 day of May 2015.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge